UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BRIAN SHIPKOWITZ,

                Plaintiff,

        v.

UNITED AUTO WORKERS UNION,
LOCAL 1097,

                Defendant.
_____

DECISION & ORDER

08-CV-6519L

        Plaintiff Brian Shipkowitz ("Shipkowitz") in the above-captioned matter has filed a *pro se* complaint pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 *et seq.*, alleging that defendant has intentionally discriminated against him on the basis of his disability. (Docket # 1). On July 15, 2008, the Equal Employment Opportunity Commission ("EEOC") provided Shipkowitz with a right to sue letter after finding that his claim presented "no evidence to connect the alleged actions of the union and [his] disability." (*Id.*). Plaintiff has been granted leave to proceed *in forma pauperis* from this Court. (Docket # 4). Currently pending before this Court is Shipkowitz's motion for appointment of counsel. (Docket # 3).

        The assignment of counsel is within the court's discretion. *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003), *cert. denied*, 540 U.S. 1195 (2004). The decision to appoint counsel must be carefully considered because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). As a threshold

matter, the Court must consider whether an applicant's claim "seems likely to be of substance." *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d at 203-04. Where the merits are "thin," but the case itself is not frivolous, counsel often should not be appointed. *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit). In making this determination, an adverse ruling by the EEOC "together with patently frivolous rebuttals by the plaintiff, would militate against appointment of a lawyer." *Jenkins v. Chemical Bank*, 721 F.2d 876, 880 (2d Cir. 1983). The Court should also consider the complexity of the legal issues, the plaintiff's need to cross-examine witnesses, his ability to investigate crucial facts and present the case, *Ferrelli*, 323 F.3d at 204, and the plaintiff's ability to obtain and afford counsel in his geographic area, *Jenkins*, 721 F.2d at 880.

The Court has reviewed the facts presented herein in light of the factors required by law and finds that the appointment of counsel is not necessary at this time. First, Shipkowitz has not demonstrated that his disability claims against the Union are likely to be "of substance." Second, at this date, the legal issues raised here do not appear complex. Finally, although Shipkowitz has been granted leave to proceed *in forma pauperis* and has searched diligently for representation, there is insufficient information before this Court to find that plaintiff lacks the skill to gather information or present his case. (Docket ## 4, 3). It is therefore the Decision and Order of this Court that plaintiff's motion for the appointment of counsel **(Docket # 3)** is

**DENIED** without prejudice at this time.  It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**IT IS SO ORDERED.**

                        *s/Marian W. Payson*
                        MARIAN W. PAYSON
                        United States Magistrate Judge

Dated: Rochester, New York
       July  31 , 2009