UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRIAN SHIPKOWITZ,

                              Plaintiff,

                                                                           <u>DECISION AND ORDER</u>

                                                                                08-CV-6519L

                  v.

UNITED AUTO WORKERS UNION, LOCAL 1097,

                              Defendant.
_____

     Plaintiff Brian Shipkowitz ("plaintiff"), was employed by Coach & Equipment Manufacturing Co. ("Coach") from April 18, 2006 to May 8, 2007. In his capacity as a Coach employee, he was represented by United Auto Workers Union, Local 1097 (the "Union"). Plaintiff brings this action, *pro se,* against the Union, alleging that the Union discriminated against him in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, and breached its duty of fair representation, when it failed to pursue certain grievances he had against Coach, which stemmed from various disciplinary actions undertaken by Coach against plaintiff. The Union now moves for summary judgment dismissing the complaint, on the grounds that plaintiff cannot establish that any discrimination took place, and that plaintiff failed to assert his claim for breach of the duty of fair representation within the applicable statute of limitations. (Dkt. #26). Although plaintiff moved for, and was granted, an extension of time to respond to the Union's motion until September 20, 2010, the plaintiff has failed to file a response and the Union's motion is unopposed. The Court has nonetheless examined the record in detail, mindful of the standards relevant to deciding a motion for summary judgment, and granting plaintiff every favorable inference as a *pro*

*se* litigant, and as a non-movant. *See e.g.*, *Corcoran v. New York Power Auth.*, 202 F.3d 530, 536 (2d Cir.1999) (where the party opposing summary judgment is proceeding *pro se*, the Court must "read the pleadings ... liberally and interpret them to raise the strongest arguments that they suggest"). For the following reasons, the motion for summary judgment is granted, and the complaint is dismissed.

The Union contends, and I concur, that plaintiff has produced no evidence whatsoever in support of his ADA discrimination claim. In fact, plaintiff has indicated that he does not seriously intend to pursue the claim, admitting that the Union was never informed of his alleged disability, and neither alleging nor attempting to prove any facts whatsoever that could logically form a basis for imputing liability to the Union for employment discrimination. (Dkt. #26-3 at ¶¶49-51). Plaintiff makes no allegations and produces no proof of any illegal motive on the part of the Union, or any circumstances giving rise to an inference of discrimination. His claim of discrimination must be dismissed. *See generally Collins v. New York City Transit Authority*, 305 F.3d 113, 118 (2d Cir. 2002) (a *prima facie* claim of disability discrimination requires, inter alia, proof of membership in a protected class, and an adverse employment action, occurring under circumstances giving rise to an inference of discrimination).

It is clear that plaintiff's primary claim, that the Union breached its duty of fair representation, is time-barred. Such a claim must be pursued within six months of the act or acts alleged to constitute the breach. Here, the Union's final relevant act – its May 31, 2007 statement to plaintiff that it would not represent him further because his employment with Coach had been terminated – occurred nearly eighteen months before plaintiff commenced this action on October 2, 2008 (Dkt. #1). Therefore, plaintiff's claim relating to the duty of fair representation is untimely and must be dismissed. *See DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 172 (1983).

The Union's motion to for summary judgment dismissing the complaint (Dkt. #26) is granted, and the complaint is dismissed in its entirety, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 9, 2011.